| | |
|---|---|
| **ARAPAHOE COUNTY DISTRICT COURT, STATE OF COLORADO**<br>7325 S. Potomac Street<br>Centennial, CO 80112 | DATE FILED: August 25, 2021 4:40 PM<br>FILING ID: 2CD0D61516792<br>CASE NUMBER: 2021CV31465 |
| Plaintiff(s):    **LYNN SANCHEZ,**<br><br>v.<br><br>Defendant(s):  **WALGREEN CORPORATION and WALGREEN CO. , a foreign corporation d.b.a. WALGREENS #6986.** | ▲ Court Use Only ▲ |
| *Attorney for Plaintiff:*<br><br>Heidi A. Tanner, Esq., #52115<br>**THE PAUL WILKINSON LAW FIRM, LLC**<br>999 Jasmine Street<br>Denver, Colorado 80220<br>Telephone:   (303) 333-7285<br>Facsimile:    (303) 756-1878 | Case No.:<br><br>Div./Ctrm.: |
| **COMPLAINT** | |

COMES NOW, Plaintiff Lynn Sanchez, through her attorneys, The Paul Wilkinson Law Firm, LLC, and brings this Complaint against Defendants Walgreen Corporation, a foreign corporation, Walgreens Co. d.b.a. Walgreens #6986. As grounds, Plaintiff states as follows:

## INTRODUCTION

1.      Plaintiff Lynn Sanchez ("Plaintiff") seeks compensatory damages resulting from injuries arising under the Premises Liability Statute and Negligence.

2.      On information and belief, on or about October 29, 2019 at approximately 7:22 a.m., Plaintiff, a business invitee, was injured when she slipped on the presence of ice under snow outside the only entrance/exit as she walked down the ramp/sloped sidewalk that led directly to her vehicle parked in the handicap parking space located at 10601 E. Alameda Avenue, Aurora, Colorado 80112 ("The Property").

3.      On information and belief, on or about October 29, 2019 at approximately 7:22 a.m., Plaintiff, a business invitee, was injured when she stepped onto the negligently maintained ramp/sloped concrete sidewalk leading to the handicapped parking space located outside The Property's only ingress/egress where there was an accumulation of ice and snow, causing her to fall backward onto the cement and landing on her backside and both hands.

1

**EXHIBIT B**

4.      As a direct and proximate result of the subject incident on or about October 29, 2019, Plaintiff suffered economic damages, noneconomic damages, physical impairment and disfigurement as described herein.

5.      The Property is owned, controlled, occupied, maintained and managed by Defendants Walgreen Corporation and Walgreen Co. d.b.a. Walgreens #6986 ("Defendants").

## PERSONAL JURISDICTION

6.      Pursuant to C.R.S.A. § 13-1-124 (West 2020), this Court has personal jurisdiction over the parties to this action as the tortious action occurred on or about October 29, 2019, in the State of Colorado.

## SUBJECT MATTER JURISDICTION

7.      Pursuant to C.R.S.A. Const. Art. 6 § 9 (West 2020), this Court has subject matter jurisdiction over this action because it involves a civil matter, and the amount in controversy exceeds $25, 000.00.

## VENUE

8.      Pursuant to C.R.C.P. 98(c), venue is proper in Arapahoe County District Court because the tortious conduct at issue occurred in Arapahoe County, Colorado.

## GENERAL ALLEGATIONS

9.      At all times relevant, Plaintiff was a resident of the City of Aurora, County of Arapahoe, and State of Colorado.

10.      On information and belief, at all times relevant, Walgreen Corporation was an Illinois foreign corporation, licensed to conduct business in the State of Colorado.

11.      At all times relevant hereto, Defendant Walgreen Corporation was registered with the Colorado Secretary of State.

12.      At all times relevant hereto, Defendant Walgreen Corporation's registered agent was The Prentice-Hall Corporation, located at 1900 W. Littleton Boulevard, Littleton, CO 80120.

13.      At all times material hereto, Defendant Walgreen Corporation conducted business in the County of Arapahoe, and State of Colorado.

14.      At all times material hereto, Defendant Walgreen Co. d.b.a Walgreens #6986 conducted business in the County of Arapahoe, and State of Colorado.

2

15.     At all times material hereto, Defendant Walgreen Co. d.b.a. Walgreens #6986 was an Illinois foregoing corporation, licensed to conduct business in the State of Colorado.

16.     At all times relevant hereto, Defendant Walgreen Co. d.b.a. Walgreens #6986 was registered with the Colorado Secretary of State

17.     At all times relevant hereto, Defendant Walgreen Co. d.b.a. Walgreens #6986' registered agent was The Prentice-Hall Corporation, located at 1900 W. Littleton Boulevard, Littleton, CO 80120.

18.     At all times material hereto, Defendant Walgreen Co. d.b.a. Walgreens #6986 conducted business in the County of Arapahoe, and State of Colorado.

19.     At all times material hereto, Defendant Walgreen Co. d.b.a. Walgreens #6986 had a principal office street address was 200 Wilmot Road, Deerfield, Illinois 60015.

20.     At all times material hereto, Defendant Walgreen Corporation owned The Property.

21.     At all times material hereto, Defendant Walgreen Corporation controlled The Property.

22.     At all times material hereto, Defendant Walgreen Corporation occupied The Property.

23.     At all times material hereto, Defendant Walgreen Corporation managed The Property.

24.     At all times relevant hereto, Defendant Walgreen Corporation maintained The Property.

25.     At all times material hereto, Defendant Walgreen Corporation conducted business in the County of Arapahoe, State of Colorado, as a landlord.

26.     Defendant Walgreen Corporation was the landlord of The Property.

27.     At all times material hereto, Defendant Walgreen Co. d.b.a. Walgreens #6986 owned The Property.

28.     At all times material hereto, Defendant Walgreen Co. d.b.a. Walgreens #6986 controlled The Property.

29.     At all times material hereto, Defendant Walgreen Co. d.b.a. Walgreens #6986 occupied The Property.

30.    At all times material hereto, Defendant Walgreen Co. d.b.a. Walgreens #6986 managed The Property.

31.    At all times relevant hereto, Defendant Walgreen Co. d.b.a. Walgreens #6986 maintained The Property.

32.    At all times material hereto, Defendant Walgreen Co. d.b.a. Walgreens #6986 conducted business in the County of Arapahoe, State of Colorado, as a landlord.

33.    Defendant Walgreen Co. d/b/a Walgreens #6986 owned was the landlord of The Property.

34.    In Colorado, a landowner has a non-delegable duty to protect invitees from unsafe conditions on its premises.

35.    In Colorado, a landowner has a non-delegable duty to protect licensees from unsafe conditions on its premises.

36.    In Colorado, a landowner is deemed to have constructive knowledge of unsafe conditions on its premises and is vicariously liable for injuries resulting therefrom.

37.    On October 29, 2019, Defendants Walgreen Corporation and Walgreen Co. d.b.a. Walgreens #6986 knew or should have known its  employees, including but not limited to, maintenance employees, agents, representatives, managers, other staff, and subcontractors, created a dangerous condition on The Property.

38.    On or about October 29, 2019, Plaintiff/business invitee was injured while on The Property.

39.    At the time and place, Plaintiff/business invitee slipped and fell on The Property's premises.

40.    Plaintiff/business invitee slipped and fell on a dangerous condition on The Property's premises.

41.    On October 29, 2019, Defendant Walgreen Co. d.b.a. Walgreens #6986  knew or should have known its employees, including but not limited to, maintenance employees, agents, representatives, managers, other staff, and subcontractors, created a dangerous condition on The Property.

42.    On October 29, 2019, Defendant Walgreen Co. d.b.a. Walgreens #6986. knew or should have known its employees, including but not limited to, maintenance employees, agents, representatives, managers, other staff, and subcontractors, created a dangerous condition on The Property.

43.     On October 29, 2019, Defendant Walgreen Co. d.b.a. Walgreens #6986 knew or should have known its employees, including but not limited to, maintenance employees, agents, representatives, managers, other staff, and subcontractors, created a dangerous condition on The Property.

44.     On October 29, 2019, Defendant Walgreen Co. d.b.a. Walgreens #6986 knew or should have known its employees, including but not limited to, maintenance employees, agents, representatives, managers, other staff, and subcontractors, created a dangerous condition on The Property.

45.     At that time and place, Plaintiff/business invitee suffered severe injuries, economic damages, noneconomic damages, and physical impairment as a result of slipping and falling as a result of an accumulation of ice under the snow outside the only entrance/exit as Plaintiff walked down the ramp/sloped sidewalk that led directly to her vehicle parked in the handicap parking space located at The Property.

46.     At that time and place, Plaintiff/business invitee suffered severe injuries, economic damages, noneconomic damages, and physical impairment as a result of slipping and falling as a result of an accumulation of ice under the snow outside the only entrance/exit as she walked down the ramp/sloped sidewalk that led directly to her vehicle parked in the handicap parking space located at The Property.

47.     On or about that time, Plaintiff/business invitee was using reasonable care for her own safety.

48.     On or about that time, Defendant Walgreen Corporation failed to provide a safe environment on The Property.

49.     On or about that time, Defendant Walgreen Co. d/b/a Walgreens #6986 failed to provide a safe environment on The Property.

50.     On or about that time, Defendants Walgreen Corporation and Walgreen Co. d.b.a. Walgreens #6986 failed to reasonably inspect, maintain, and control The Property.

51.     On or about that time, Defendants Walgreen Corporation and Walgreen Co. d.b.a. Walgreens #6986 failed to correct, eliminate and warn of hazardous conditions on The Property.

52.      On or about that time, there were no signs of warning of the dangerous condition that existed on The Property.

53.     Plaintiff/business invitee is entitled to compensation for her injuries, damages, and economic and non-economic losses suffered as a result of the Defendants'/landlords' negligence, carelessness, and recklessness in managing, maintaining, and controlling The Property.

54.

## FIRST CLAIM FOR RELIEF

**(Premises Liability against Defendant Walgreen Corporation)**

55.     Plaintiff incorporates the above and below paragraphs herein by reference.

56.     Defendant Walgreen Corporation is legally responsible for the activities conducted or circumstances that existed on The Property at the time of the incident.

57.     Defendant Walgreen Corporation was the landowners of The Property at the time of the incident pursuant to C.R.S. § 13-21-115(1) (West 2019).

58.     On October 29, 2019, Plaintiff was a licensee to The Property owned, managed and/or maintained by Defendant Walgreen Corporation, defined in C.R.S. § 13-21-115(5)(b) (West 2020) as a person who enters or remains on the land of another for the licensee's own convenience or to advance his own interests, pursuant to the landowner's permission or consent.

59.     According to C.R.S. § 13-21-115(3)(b)(I)-(II) (West 2020), a licensee may recover for damages caused "…[b]y the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner of which the landowner actually knew; or [b]y the landowner's unreasonable failure to warn of dangers not created by the landowner which are not ordinarily present on property of the type involved and of which the landowner actually knew."

60.     On October 29, 2019, Plaintiff was an invitee on The Property owned, controlled, occupied, managed, and/or maintained by Defendant Walgreen Corporation.

61.     An invitee is defined in C.R.S. § 13-21-115(5)(a) (West 2020) as a person who enters or remains on the land of another to transact business in which the parties are mutually interested, or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain.

62.     According to C.R.S. § 13-121-115(3)(c)(I) (West 2020), "an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which the landowner actually knew or should have known."

63.     As a landowner, Defendant Walgreen Corporation, owed certain duties to Plaintiff enumerated in C.R.S. § 13-21-115 (West 2020), including a duty to inspect, maintain and control The Property so that hidden and/or latent conditions were rendered safe.

64.     Additionally, Defendant Walgreen Corporation owed Plaintiff/business invitee a duty to correct hazardous conditions on The Property.

65.     Additionally, Defendant Walgreen Corporation owed Plaintiff/business invitee a duty to eliminate hazardous conditions on The Property.

66.     Additionally, Defendant Walgreen Corporation owed Plaintiff/business invitee a duty to warn of hazardous conditions on The Property.

6

67.     Defendant Walgreen Corporation failed to meet its duties relative to the hazardous conditions existing on The Property at the time of the incident.

68.     Defendant Walgreen Corporation failed to meet its duties relative to the hazardous conditions existing on The Property at the time of the incident.

69.     Defendant Walgreen Corporation failed to exercise reasonable care to protect against the dangers of which they actually knew existed on The Property at the time of the incident.

70.     Defendant Walgreen Corporation failed to exercise reasonable care to protect against dangers of which they should have known existed on The Property at the time of the incident.

71.     Defendant Walgreen Corporation unreasonably failed to correct the hazardous condition on The Property, which it actually knew or reasonably should have known existed on The Property at the time of the incident.

72.     Defendant Walgreen Corporation's unreasonably failed to eliminate the hazardous condition on The Property which it actually knew or reasonably should have known existed on The Property at the time of the incident.

73.     Defendant Walgreen Corporation unreasonably failed to warn of the hazardous condition on The Property which it actually knew or reasonably should have known existed on The Property at the time of the incident.

74.     As a direct, foreseeable, and proximate result of Defendant Walgreen Corporation's statutory failures, Plaintiff/business invitee sustained severe injuries, damages, and losses.

75.     As a direct, foreseeable, and proximate result of Defendant Walgreen Corporation's statutory failures, Plaintiff/business suffered and will suffer including, but not limited to, the following injuries, damages, and losses:

      a.  Serious bodily injury;

      b.  Past and future economic expenses, losses, and damages including, but not limited to, loss of use, diminishment of value, medical and other health care and rehabilitation expenses related to his injuries, wage loss, past and future loss of earnings, loss of earning capacity, property damage, and loss of time;

      c.  Past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life;

      d.  Temporary and permanent physical impairment; and

e.   Any disfigurement.

76.     Additionally, as a direct, foreseeable, and proximate result of Defendant Walgreen Corporation's statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

**SECOND CLAIM FOR RELIEF**
**(Negligence against Defendant Walgreen Corporation)**

77.     Plaintiff incorporates the above and below paragraphs herein by reference.

78.     Defendant Walgreen Corporation owed duties to Plaintiff to:

a.   Provide a safe environment on The Property;

b.   Exercise reasonable care in inspecting The Property;

c.   Exercise reasonable care in maintaining The Property;

d.   Exercise reasonable care in controlling The Property;

e.   Correct hazardous conditions on The Property;

f.   Eliminate hazardous conditions on The Property; and

g.   Warn of hazardous conditions on The Property.

79.     Defendant Walgreen Corporation breached the duties it owed to Plaintiff and was negligent and careless in the following respects:

a.   Failing to provide a safe environment on The Property;

b.   Failing to exercise reasonable care in inspecting The Property;

c.   Failing to exercise reasonable care in maintaining The Property;

d.   Failing to correct hazardous conditions on The Property;

e.   Failing to eliminate hazardous conditions on The Property; and

f.   Failing to warn of hazardous conditions on The Property.

80.     As a direct, foreseeable, and proximate result of Defendant Walgreen Corporation's statutory failures, Plaintiff sustained severe injuries, damages, and losses.

81.     As a direct, foreseeable, and proximate result of Defendant Walgreen Corporation's statutory failures, Plaintiff suffered and will suffer including, but not limited to, the following injuries, damages, and losses:

    a.  Serious bodily injury;

    b.  Past and future economic expenses, losses, and damages including, but not limited to, loss of use, diminishment of value, medical and other health care and rehabilitation expenses related to his injuries, wage loss, past and future loss of earnings, loss of earning capacity, property damage, and loss of time;

    c.  Past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life;

    d.  Temporary and permanent physical impairment; and

    e.  Any disfigurement.

82.     Additionally, as a direct, foreseeable, and proximate result of Defendant Walgreen Corporation's statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

83.     On or about October 29, 2019, Defendant Walgreen Corporation was 100 percent negligent, careless and/or reckless in causing the incident.

## THIRD CLAIM FOR RELIEF
### (Premises Liability against Defendant Walgreen Co. d.b.a. Walgreens #6986)

84.     Plaintiff incorporates the above and below paragraphs herein by reference.

85.     Defendant Walgreen Co. d.b.a. Walgreens #6986 is legally responsible for the activities conducted or circumstances that existed on The Property at the time of the incident.

86.     Defendant Walgreen Co. d.b.a. Walgreens #6986 was the landowners of The Property at the time of the incident pursuant to C.R.S. § 13-21-115(1) (West 2019).

87.     On October 29, 2019, Plaintiff was a licensee to The Property owned, managed and/or maintained by Defendant Walgreen Co. d.b.a. Walgreens #6986 defined in C.R.S. § 13-21-115(5)(b) (West 2020) as a person who enters or remains on the land of another for the licensee's own convenience or to advance his own interests, pursuant to the landowner's permission or consent.

88.     According to C.R.S. § 13-21-115(3)(b)(I)-(II) (West 2020), a licensee may recover for damages caused "…[b]y the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner of which the landowner actually knew; or [b]y the landowner's unreasonable failure to warn of dangers not created by the landowner which

are not ordinarily present on property of the type involved and of which the landowner actually knew."

89. On October 29, 2019, Plaintiff was an invitee on The Property owned, controlled, occupied, managed, and/or maintained by Defendant Walgreen Co. d.b.a. Walgreens #6986.

90. An invitee is defined in C.R.S. § 13-21-115(5)(a) (West 2020) as a person who enters or remains on the land of another to transact business in which the parties are mutually interested, or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain.

91. According to C.R.S. § 13-121-115(3)(c)(I) (West 2020), "an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which the landowner actually knew or should have known."

92. As a landowner, Defendant Walgreen Co. d.b.a. Walgreens #6986 owed certain duties to Plaintiff enumerated in C.R.S. § 13-21-115 (West 2020), including a duty to inspect, maintain and control The Property so that hidden and/or latent conditions were rendered safe.

93. Additionally, Defendant Walgreen Co. d.b.a. Walgreens #6986 owed Plaintiff/business invitee a duty to correct hazardous conditions on The Property.

94. Additionally, Defendant Walgreen Co. d.b.a. Walgreens #6986 owed Plaintiff/business invitee a duty to eliminate hazardous conditions on The Property.

95. Additionally, Defendant Walgreen Co. d.b.a. Walgreens #6986 owed Plaintiff/business invitee a duty to warn of hazardous conditions on The Property.

96. Defendant Walgreen Co. d.b.a. Walgreens #6986 failed to meet its duties relative to the hazardous conditions existing on The Property at the time of the incident.

97. Defendant Walgreen Co. d.b.a. Walgreens #6986 failed to meet its duties relative to the hazardous conditions existing on The Property at the time of the incident.

98. Defendant Walgreen Co. d.b.a. Walgreens #6986 failed to exercise reasonable care to protect against the dangers of which they actually knew existed on The Property at the time of the incident.

99. Defendant Walgreen Co. d.b.a. Walgreens #6986 failed to exercise reasonable care to protect against dangers of which they should have known existed on The Property at the time of the incident.

100. Defendant Walgreen Co. d.b.a. Walgreens #6986 unreasonably failed to correct the hazardous condition on The Property which it actually knew or reasonably should have known existed on The Property at the time of the incident.

101.    Defendant Walgreen Co. d.b.a. Walgreens #6986's unreasonably failed to eliminate the hazardous condition on The Property which it actually knew or reasonably should have known existed on The Property at the time of the incident.

102.    Defendant Walgreen Co. d.b.a. Walgreens #6986 unreasonably failed to warn of the hazardous condition on The Property which it actually knew or reasonably should have known existed on The Property at the time of the incident.

103.    As a direct, foreseeable, and proximate result of Defendant Walgreen Co. d.b.a. Walgreens #6986's statutory failures, Plaintiff/business invitee sustained severe injuries, damages, and losses.

104.    As a direct, foreseeable, and proximate result of Defendant Walgreen Co. d.b.a. Walgreens #6986's statutory failures, Plaintiff/business invitee suffered and will suffer including, but not limited to, the following injuries, damages, and losses:

   a.  Serious bodily injury;

   b.  Past and future economic expenses, losses, and damages including, but not limited to, loss of use, diminishment of value, medical and other health care and rehabilitation expenses related to his injuries, wage loss, past and future loss of earnings, loss of earning capacity, property damage, and loss of time;

   c.  Past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life;

   d.  Temporary and permanent physical impairment; and

   e.  Any disfigurement.

105.    Additionally, as a direct, foreseeable, and proximate result of Defendant Walgreen Co. d.b.a. Walgreens #6986's statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

### FOURTH CLAIM FOR RELIEF
**(Negligence against Defendant Walgreen Co. d.b.a. Walgreens #6986)**

106.    Plaintiff incorporates the above and below paragraphs herein by reference.

107.    Defendant Walgreen Co. d.b.a. Walgreens #6986 owed duties to Plaintiff to:

   a.  Provide a safe environment on The Property;

   b.  Exercise reasonable care in inspecting The Property;

c. Exercise reasonable care in maintaining The Property;

d. Exercise reasonable care in controlling The Property;

e. Correct hazardous conditions on The Property;

f. Eliminate hazardous conditions on The Property; and

g. Warn of hazardous conditions on The Property.

108.    Defendant Walgreen Co. d.b.a. Walgreens #6986 breached the duties it owed to Plaintiff and was negligent and careless in the following respects:

a. Failing to provide a safe environment on The Property;

b. Failing to exercise reasonable care in inspecting The Property;

c. Failing to exercise reasonable care in maintaining The Property;

d. Failing to correct hazardous conditions on The Property;

e. Failing to eliminate hazardous conditions on The Property; and

f. Failing to warn of hazardous conditions on The Property.

109.    As a direct, foreseeable, and proximate result of Defendant Walgreen Co. d.b.a. Walgreens #6986's statutory failures, Plaintiff sustained severe injuries, damages, and losses.

110.    As a direct, foreseeable, and proximate result of Defendant Walgreen Co. d.b.a. Walgreens #6986's statutory failures, Plaintiff suffered and will suffer including, but not limited to, the following injuries, damages, and losses:

a. Serious bodily injury;

b. Past and future economic expenses, losses, and damages including, but not limited to loss of use, diminishment of value, medical and other health care and rehabilitation expenses related to his injuries, wage loss, past and future loss of earnings, loss of earning capacity, property damage, and loss of time;

c. Past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life;

d. Temporary and permanent physical impairment; and

e. Any disfigurement.

111.    Additionally, as a direct, foreseeable, and proximate result of Defendant Walgreen Co. d.b.a. Walgreens #6986's statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

112.    On or about October 29, 2019, Defendant Walgreen Co. d.b.a. Walgreens #6986 was 100 percent negligent, careless and/or reckless in causing the incident.


WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for her and against Defendants in an amount to fairly and reasonably compensate Plaintiff for her injuries, damages, and losses including, but not limited to, economic damages, noneconomic damages, physical impairment and disfigurement, temporary and permanent physical injury, wage loss, past and future loss of earnings, loss of earning capacity, expert witness fees, statutory interest from the date of this cause of action or as otherwise permitted under Colorado law, and for such other and further relief as this Court deems just and proper.

Dated this 25th day of August 2021.

Respectfully submitted,

**The Paul Wilkinson Law Firm, LLC**

*This pleading was filed electronically pursuant to Rule 121, §1-26. The original signed pleading is in counsel's file.*

*/s/ Heidi A. Tanner*_____
Heidi A. Tanner, Esq., #52115
999 Jasmine St.
Denver, CO 80220
*Attorney for Plaintiff*

**Plaintiff's Address:**
3125 S. Fraser Street
Aurora, Colorado 80014